John J. Walsh, J.
The defendants seek a bill of particulars setting forth
1. The identity by name and present address of any informant or informants who assisted law enforcement officials, or who gave information to law enforcement officials, concerning the above-named defendant in respect to the activities of the defendant, the informant, or any law enforcement officials alleged in the indictment.
2. All notes, records, and time of receipt of same kept by law enforcement officials in connection with their dealings with the informant or informants.
3. A sworn statement by some person of knowledge of the dealings between the law enforcement officials and the informant or informants setting forth the consideration, promises or other benefits given to the informant or informants in return for information of their co-operation.
4. A copy of the criminal record, including arrests and charges of any informant or informants.
5. A sworn statement from some law enforcement official setting forth in narrative form all contracts, all conversations, and all dealings had with the informant or informants in connection with the above-named defendant and the charges contained in the indictment.
This motion is apparently made in reliance upon the case of People v. Chambers decided April 4, 1968 in the Supreme Court, Oneida County by Justice Cardamone. (56 Misc 2d 683.)
There appears to be a clear distinction between that case and the case at bar. In the Chambers case, the defendants’ moving papers disclosed that one Margaret Young was the alleged informer and that the defendants would plead entrapment under the revised Penal Law.
In the Chambers case, the informant not only told the police about a planned robbery but on instructions accompanied the defendants.
Entrapment is an affirmative defense (Penal Law, § 40.05) and depends for its validity upon an act of inducement or encouragement by a “public servant, or by a person acting in cooperation with a public servant ”.
The question raised in the Chambers case was not whether there was in fact an informant but whether or not the alleged informant also became a “police agent” for whose activities, the law enforcement officials would be charged with entrapping the defendants into the commission of a criminal act.
As Justice Cardamone pointed out in the Chambers case, the defense in order to establish the affirmative defense of *599 entrapment would need to know the identity of the official or officials with whom the informant had dealings.
The instant motion differs substantially from Chambers in that here the defendants seek to find out whether or not there was an informant and if so, what the dealings were between the law enforcement officials and such informant. The ‘ ‘ special circumstances ” found in Chambers are not shown here.
‘ ‘ The general rule is that the accused has. no right to the inspection or disclosure of evidence in the possession of the prosecution; and the courts ought not to lend their aid when satisfied that a demand for inspection is merely for exploratory purposes ”. (People v. Gatti 167 Misc. 545, 547.)
Motions are in all respects denied, without prejudice.