Richard J. Cardamone, J.
The defendants move to obtain certain requested information from the People; or, failing to obtain its receipt, that the indictment be dismissed.
The defendants have been charged with burglary in the first degree arising out of acts allegedly committed on October 30, *684 1967. The defendants raise entrapment as their defense. They seek to secure evidence which they claim will enable them to establish the source of and information furnished by the police informant. In the defendants’ attorney’s affidavit, he alleges that the police acted in co-operation with an informant and that the informant’s identity and the extent of her activities and contacts with the police is necessary informaiion to prepare their defense. It is the defendants’ contention that this information is almost exclusively within the knowledge of State and local police. The People allege in an affidavit by the District Attorney that these facts are within the defendants’ knowledge.
The alleged informant’s name appears to be one Margaret Young, as is revealed in defendants’ moving papers. The District Attorney upon the oral argument has agreed to furnish defense counsel with a copy of the complete transcript of the said Margaret Young’s criminal record presently available to the People.
The defendants have requested from the People, “ all notes, records, and the time of receipt of said information ” from said informant; and have further requested a ‘1 sworn statement by some person having knowledge * * * setting forth the consideration, promises or other benefits given to informant in return for information ’ ’. The People respond that the defendants can subpoena such witnesses themselves or cross-examine them, if called by the People. The defendants argue that they cannot plead entrapment, which assumes that the crime was committed, without discovery prior to trial, because they have the burden on this issue and without it will be relegated to hoping that proof on the issue can be found during the course of the trial itself.
Entrapment is an affirmative defense (Penal Law, § 35.40) which is based upon information, if not more readily, at least equally available to the defendant. This defense is in the nature of an explanation and not a denial. The New York State revised Penal Law provides that when an “ ‘ affirmative defense ’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence ”. (Penal Law, § 25.00, subd. 2.)
The Supreme Court of the United States has passed upon the constitutionality of this requirement in Morrison v. California (291 U. S. 82 [1934]) and Spencer v. Texas (385 U. S. 554 [1967]). One of the tests set forth in Morrison (pp. 88-89) was that ‘ ‘ the State shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation ”. The affirmative defenses as *685 formulated in the New York statute appear to meet this standard.
Sorrells v. United States (287 U. S. 435 [1932]) and Sherman v. United States (356 U. S. 369 [1958]) clearly state the underlying theory behind these defenses, that it was not within the intent of the Legislature to punish innocent people who had been seduced into criminal activity by the police. Under such theory, the requisite criminal intent is lacking. Section 35.40 of the new Penal Law provides: “In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant. * " * Inducement or encouragement to commit an offense means active inducement or encouragement. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment”. The Commission Staff Notes distinguish between the unwary criminal and the unwary, innocent victim of overzealous police. There is a difference in degree between merely affording someone the opportunity to commit a crime and “ active inducement or encouragement” (Penal Law, § 35.40). While such makes precise guidelines difficult to formulate, the test is where the criminal intent originated. If it was with the law officials, and the accused is lured into the commission of the crime, the defense is clearly available. However, one who is predisposed, because of a regular course of illegal conduct, to commit a given crime does not have the benefit of the defense. (Proposed N. Y. Penal Law Comm., Staff Notes, p. 321 [McKinney’s Spec. Pamph., 1964].)
The subject of the defendants’ past criminal record, ordinarily inadmissible unless the defendant takes the stand, is relevant on this point of predisposition. It has been held that the admission of the past record is not prejudicial because by raising the affirmative defense of entrapment there is an implied admission that the crime was committed and for the defendant to deny the commission of the crime is inconsistent with the defense of entrapment. However, the propriety of raising-inconsistent defenses is a principle now firmly imbedded in the criminal and civil law. The introduction of the concept of statutory “affirmative defenses ” in the new Penal Law is not sufficient reason to change such a fundamental rule. Thus, in this court’s view, the defendant may deny the commission of the crime; and also plead entrapment as an affirmative defense. (Henderson v. United States, 237 F. 2d 169, 172 [C. A. 5th, 1956].) Nevertheless, the defendant’s past criminal record is *686 clearly admissible on the question of predisposition regardless of whether the defendant takes the stand.
The defendant is required to establish the affirmative defense of entrapment by “ a preponderance of the evidence ”. (Penal Law, § 25.00, subd. 2.) Since the burden of proof in all criminal cases never shifts and always rests on the prosecution to prove its case beyond a reasonable doubt, the drafters of the revised Penal Law could not have intended that the defendant prove a lack of predisposition. It would appear that after the prosecution has fully presented its case, the defendant would then introduce and be required to prove, by a preponderance of the evidence, that he was induced or entrapped; following which the prosecution may meet this defense by proving, beyond a reasonable doubt, that the defendant was predisposed. The Commission Staff Notes state this defense is intended to be a codification of the Federal rule which follows this procedure. (United States v. Bishop, 367 F. 2d 806 [C. A. 2d, 1966]; Gorin v. United States, 313 F. 2d 641 [C. A. 1st, 1963].) It is at this point where the defendant’s past criminal record is relevant, regardless of whether he has testified or not. All these matters raise questions of fact to be submitted to the jury. (Sorrells v. United States, 287 U. S. 435, supra; Sherman v. United States, 356 U. S. 369, supra.) Such fact questions are no more complex than those submitted and resolved by juries (ordinarily drawn from the same panel) in complicated civil cases.
There remains the question of whether pretrial discovery is appropriate and necessary to permit the defendant to obtain information of police activities, plans and contacts with the informant to establish his affirmative defense. Such a burden of proof is newly imposed as of September 1, 1967, the effective date of the new Penal Law. The provisions of the proposed New York Criminal Procedure Law (§ 125.20, subd. 2) will permit discovery, upon motion, of evidence ‘ ‘ material ’ ’ to the preparation of the defense as long as the request is “ reasonable ”. The proposed statutory language recognizes the court’s inherent power to compel discovery in a criminal case (People ex rel. Lemon v. Supreme Court, 245 N. Y. 24 [1927]) if justice so requires, the exercise of such discretion to balance the necessity and materiality of the evidence sought to be discovered in establishing a defense as against possible prejudice to the rights of the prosecution. Where appropriate circumstances exist under these terms, some form of pretrial discovery has been permitted (People v. Matera, 52 Misc 2d 674 [Sup. Ct., Queens County, 1967] [autopsy report]; People v. Quarles, 44 *687 Misc 2d 955 [Sup. Ct., Bronx County, 1964] [defendant’s transcribed statement]).
In the circumstances of this case which charges defendants with robbery in the first degree, there is an informant who defendants allege was working in co-operation with police officials. In order to establish the affirmative defense of entrapment they need to know this official or officials’ identity, if any such exists. This person would not ordinarily be known to the defendants. The District Attorney is directed to furnish the defendants with a sworn statement of any law enforcement official having knowledge of the course of dealings between such person, if any such exists, and the alleged informant, Margaret Young, as such relate to this robbery and to these defendants. The concept of fairness inherent in due process imposes a duty upon the prosecution to apprise the defense of evidence favorable to the accused, not in every case and under all circumstances, but in “ special circumstances nondisclosure may amount to fundamental unfairness in a criminal trial ’ ’. (People v. Fein, 18 N Y 2d 162, 172 [1966].) In this court’s view, those “ special circumstances ” exist here where the affirmative defense of entrapment has been raised.