John S. Lockman, J.
The defendant by his attorney moves this court for an order dismissing the indictment herein or, in the alternative, precluding the People from offering any witnesses whose testimony rebuts the defendant’s alibi defense.
The defendant was indicted on May 9, 1973. Accompanying the indictment the People, pursuant to CPL 250.20, served upon the defendant a notice demanding that he furnish the People with a list of persons to be called at trial in support of any alibi defense. The defendant complied with the demand on May 23, 1973 by stating that he was at home when the crime was committed and naming Barbara Baylis as a witness to that fact.
On June 11, 1973, the United States Supreme Court held that the Oregon alibi statute (Oregon Revised Statutes, § 135.-875) was unconstitutional for failure to accord a defendant reciprocal discovery rights. (Wardius v. Oregon, 412 U. S. 470.) The defendant contends that the New York alibi statute (CPL 250.20) is similarly unconstitutional and that, since he has already complied with that statute, the indictment herein should be dismissed, or, in the alternative, the People should be precluded from offering any testimony in rebuttal of the alibi defense.
As noted above, the defendant has already complied with CPL 250.20. He cannot now “ retract the information [already] provided ”. (Wardius v. Oregon, supra, p. 477.) Thus, holding the statute unconstitutional will, in and of itself, furnish him no benefit. Moreover, Wardius was not decided until after the CPL 250.20 notice had been served and obeyed. To affect this defendant then, Wardius would have to be held not only to render the New York statute unconstitutional, but also to do so retroactively. Since the rationale for reciprocity of alibi disclosure relates to fairness and has little, if any, bearing on the integrity of the fact-finding process, it is doubtful that Wardius will be held to be retroactive in effect. (See Adams v. Illinois, 405 U. S. 278; Williams v. United States, 401 U. S. 646.)
*399 Finally, an analysis of Wardius v. Oregon (supra) and Williams v. Florida (399 U. S. 78) reveals that due process requires only that a defendant be given reciprocal discovery of those witnesses the People intend to offer in rebuttal of his alibi defense. The defendant argues any witness whose testimony places the defendant at the scene of the crime is a rebuttal witness as to an alibi defense. In this he errs. Evidence which places a defendant at the scene of the crime is and must be offered as part of the People’s direct case and cannot be presented in rebuttal of an alibi defense. (People v. Richardson, 25 A D 2d 221.) Rebuttal evidence is a term of art. In rebuttal only evidence which directly contradicts some afirmativo fact which the answering party has endeavored to prove may be offered. (Marshall v. Davies, 78 N. Y. 414, 420; 6 Wigmore on Evidence [3d ed.], § 1873.) Thus, when a defendant offers an alibi defense, the People may not, in rebuttal, offer evidence which only indirectly contradicts the alibi by placing the defendant at the scene of the crime, but they may directly contradict the alibi with testimony that the defendant was not where he claims to have been. In the instant ease, the People aver that they do not now have any witnesses who can testify in rebuttal.
In summary, the People are guilty of no wrongdoing. They merely served the demand as authorized by CPL 250.20 and the defendant complied. The information thus furnished cannot now be retrieved, but the People have not exploited whatever advantage they gained for they aver that no alibi rebuttal witnesses have been located. All the defendant has lost is the element of surprise. Perhaps under the sporting theory of justice this detriment would entitle the defendant to a remedy, but trial strategy does not have the status of constitutional rights. (Brady v. Maryland, 373 U. S. 83.) Under the facts of this case the defendant has suffered insignificantly, if at all, by complying with CPL 250.20. Of course, should the People, at trial, attempt to offer alibi rebuttal testimony, the defendant would be entitled to move to preclude. In such an event, this court would have to decide the retroactivity of Wardius and the constitutionality of CPL 250.20. However, as matters now stand, this is not an appropriate case for the resolution of those questions.
Therefore, the motion is denied with leave to renew under the circumstances set forth above.