John S. Lookman, J.
The defendant, by his attorney, moves this court for an order declaring the New York “ notice of alibi ’ ’ statute (CPL 250.20) unconstitutional and permitting him to offer an alibi defense at trial despite his failure to serve the notice required by that statute. In the alternative, the defendant requests that, should we find the statute constitutional, the People be required to afford him reciprocal discovery.
The defendant was indicted on February 26, 1973. The People, in keeping with their usual practice, apparently attached a demand for a notice of alibi to the copy of the indictment which was served upon the defendant.
CPL 250.20 provides that:
“1. At any time before trial, the people may serve upon the defendant or his counsel, and file a copy thereof with the court, a demand that if the defendant intends to offer a trial defense that at the time of the commission of the crime charged he was at some place or places other than the scene of the crime, and call witnesses in support of such defense, he must, within four days of service of such demand, serve upon the people, and file a copy thereof with the court, a ‘ notice of alibi ’, reciting (a) the place or places where the defendant claims to have been at the time in question, and (b) the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness upon whom he intends to rely.
“2. If at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, or if having served such ,a notice he calls a witness not specified therein, *544 the court may exclude any testimony of such witness relating to the alibi defense. The court may in its discretion receive such testimony, but before doing so, it must, upon application of the People, grant an adjournment not in excess of three days. ’ ’ (Emphasis supplied.) The defendant has not, as yet, served upon the People a notice of alibi.
On June 11, 1973, the United States Supreme Court held that, “the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.” (Wardius v. Oregon, 412 U. S. 470, 472.) The statute under challenge was section 135.875 of the Oregon Revised Statute which provided that:
“ (1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.
“ (2) As used in this section, ‘ alibi evidence ’ means evidence that the defendant in a criminal action, was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed.” (Emphasis supplied.) This statute was found to be constitutionally defective in not expressly requiring reciprocal discovery. The Supreme Court, while conceding that the Oregon courts could have remedied this omission by judicial construction, held that, since the State courts had never considered the question, a defendant ran the impermissible risk of being denied reciprocity. In the instant case the defendant contends that the New York statute (CPU 250.20) is similarly defective.
When the New York “ notice of alibi ” statute was first challenged in 1936, the learned Judge observed that: “No one who is familiar with the activities of criminals in their use of * alibi defenses ’ can help but realize the necessity and the value of this provision of the Code of Criminal Procedure. Manufactured alibis have too long thwarted the administration of justice and unless the contention raised by counsel for the defense is sound the statute should be sustained.” (People v. *545 Schade, 161 Misc. 212, 213.) Were the notice of alibi statute now to be struck, most alibi defenses would be a complete surprise to the prosecution and would necessitate adjournments for the preparation of a rebuttal. The loss of court time and consequent backlog in criminal trials would seriously handicap the criminal justice system.
A strong presumption of constitutionality attaches to any statute duly enacted by the Legislature. (People v. Pagnotta, 25 N Y 2d 333, 337.) Courts at nisi prius should be most reluctant to hold a statute unconstitutional and may properly do so only where that result is inescapable. (People v. Salerno, 17 Misc 2d 535.) Our analysis of CPL 250.20 in light of Wardius v. Oregon (412 U. S. 470, supra) reveals that the conclusion of unconstitutionality is not inescapable.
On his appeal in the State courts Wardius argued, inter alia, that he had shown good cause why his alibi evidence should not be precluded and that the notice of alibi statute was unconstitutional for failure to afford reciprocal discovery. The Oregon Supreme Court found the first contention to be without merit saying, “ We think the- (trial) court did not abuse its discretion in holding that ‘ good cause ’ within the statute was not shown ”. (State v. Wardius, 6 Ore. App. 391,-; 487 P. 2d 1380, 1383.) On the second argument it refused to express an opinion.
‘ ‘ It is not, however, necessary for us to decide that question. No witness was here called nor evidence offered by the state relating to the question of alibi. Thus, no prejudice is shown, and indeed, the defendant, on this latter score, claims none.
“ Thus, we do not find it necessary to decide whether under ORS 135.875 the defendant is entitled to reciprocal discovery rights from the state, as authorized by Florida Rule of Criminal Procedure 1.200, 33 F.S.A. There has been no denial thereof here. We, too, deem it appropriate, in the language of Williams v. Florida [399 TJ.S. 78] to ‘ await a specific context ’ in which that issue is necessary to a decision.” Thus, section 135.875 came before the United States Supreme Court without either an express provision or a judicial construction requiring reciprocal discovery. Additionally, unless a defendant made a showing of good cause to justify his failure to serve a notice of alibi, preclusion was mandated.
The case which we confront stands on a different footing. We are not a court of last resort and therefore uncertainty qs to how CPL 250.20 will be construed by our appellate courts cannot alone justify our holding that statute unconstitutional. *546 Before the question of constitutionality is finally determined, the appellate courts will have had the opportunity to formulate a judicial construction. If that construction requires reciprocal disclosure, the risk found constitutionally impermissible in Wardius will have been removed. Certainly, in light of Wardius, óuf appellate courts will not permit CPL 250.20 to continue unadorned by a judicial interpretation.
That the appellate courts will adopt a construction requiring reciprocity is not idle speculation but a real and probable eventuality. Criminal discovery in New York traces its origins to. case law and not to. statutes. ¡Starting in 1927, when Chief Judge Cardozo first pointed out the possibility and continuing until the enactment of CPL 240.20 in 1970, .criminal disclosure underwent a slow but steady growth through judicial decisions. (See People ex rel. Lemon v. Supreme Ct., 245 N. Y. 24; People v. Miller, 257 N. Y. 54; People v. Radeloff, 140 Misc. 690; People v. Kresel, 142 Misc. 88;. People v. Walsh, 262 N. Y. 140; People v. Wargo, 149 Misc. 461; People v. Rogas, 158 Misc. 567; People v. Gatti, 167 Misc. 545; Matter of Hughes v. Kings County Ct., 181 Misc. 668; People v. Marshall, 5 A D 2d 352; People v. Preston, 13 Misc 2d 802; Matter of Silver v. Sobel, 7 A D 2d 728; People v. Martinez, 15 Misc 2d 821; People v. Stokes, 24 Misc 2d 755; People v. Calandrillo, 29 Misc 2d 491; People v. Quarles, 44 Misc 2d 955.) Had it not been for New York’s early adoption of a notice of alibi statute (L. 19.35, ch. 506), such a rule might have been judicially developed as has been the case in California. (People v. Lopez, 60 Cal. 2d 223; Jones v. Superior Ct., 58 Cal. 2d 56.)
CPL 250.20 is amenable to a construction requiring reciprocal disclosure. The re-enactment of the “ notice of alibi ” statute as part of the Criminal Procedure Law was signed into law by the Governor on May 20, 1970. Thus, the Legislature did not have the benefit of either Wardius or its predecessor, Williams v. Florida (399 U. S. 78 [decided June 22, 1970]). Unalerted to the necessity of reciprocal disclosure, no express provision requiring it was added to the ‘ notice of alibi ’ ’ statute. However, the concept of reciprocal disclosure was recognized and embodied in CPL 240.20, the discovery statute. In explaining that provision the Commission Staff Comments cite People v. Lopez (supra) and Jones v. Superior Ct. (supra) the two cases in which- the California Supreme Court adopted by judicial decision a ‘ ‘ notice of alibi ’ ’ rule affording reciprocal disclosure.
*547 Under subdivision 2 of CPL 250.20, the court has discretion in deciding whether or not preclusion should be ordered upon a failure to serve a notice of alibi. The Legislature thus did not attempt to divest the courts of all power over alibi rules. Since GPL 250.20 was re-enacted before the reciprocity problem arose, the courts might now hold that preclusion may be invoked under that statute only where reciprocal disclosure has been made available to the defendant. Such a rule made binding on all New York courts would render the “ notice of alibi” statute constitutional. ( Wardius v. Oregon, supra; Williams v. Florida, supra.)
While we cannot now hold that CPL 250.20 is unconstitutional, we must enforce it judiciously so as to avoid the risk of committing reversible error. By affording reciprocal discovery pretrial we can satisfy the requirements of due process enunciated by the Supreme Court in Wardius. However, since by inaction a defendant can postpone the matter until trial and thus avoid preclusion, a way must be found to bring the matter before the court before trial. Therefore, the People would be well advised, upon serving a demand under CPL 250.20 to move for an order directing the defendant to comply or be precluded from offering an alibi defense at trial. The court might then grant the motion upon the condition that the defendant be given reciprocal pretrial disclosure of the People’s alibi rebuttal witnesses. In this way, all possibility of prejudice would be removed.
Based upon the foregoing, the motion for an order declaring the New York “ notice of alibi ” statute (CPL 250.20) unconstitutional and permitting the defendant to offer an alibi defense at trial despite his failure to serve the notice required by that statute is denied.
The motion for an order requiring the People to disclose their alibi rebuttal witnesses is granted. Within 20 days of service of the notice of alibi, the People shall serve upon the defendant the names, the residential addresses, the places of employment and the addresses thereof of every such alibi rebuttal witness upon whom they intend to rely.