David T. Gibbons, J.
Under the indictment herein, the defendant is charged with the commission of the crimes of criminal sale of a dangerous drug in the third degree, and criminal possession of a dangerous drug in the f ourth degree.
By this motion, the defendant challenges the constitutionality of notice of alibi provisions of CPL 250.20 and under his notice of motion seeks the following relief:
I ‘ 1. Declaring that Section 250.20 of the Criminal Procedure Law is unconstitutional, as it does not provide for reciprocity of disclosure.
“ 2. That the defendant, babby collins, may offer at trial a defense that at the time of the commission of the crime charged, he was at some place other than the scene of the crime and he may give testimony and call witnesses in support of such defense without complying with Section 250.20 of the Criminal Procedure Law.
II 3. That if the court finds that Section 250.20 of the Criminal Procedure Law is constitutional and does provide for reciprocity of disclosure, then the defendant seeks an order requiring the *536 prosecution to disclose to the defendant the names, residential addresses and places of employment of every witness who will be produced to disprove the defense of alibi.”
The statute under attack provides that the defendant, upon written.demand by the District Attorney, musí state in. advance of trial whether he intends to rely upon a defense of alibi. If he so intends, he must, within 4 days after said demand, disclose to the People the place where he claims he was at the time of the alleged offense, and the names and addresses of the witnesses which he intends to use on the trial to establish such alibi. The statute also provides for sanction against the defendant to the effect that his failure to comply therewith may result in the exclusion of his witnesses offered at the trial to prove such alibi defense.
The underlying basis for the defendant’s argument is that CPL 250.20 is unconstitutional for the reason that it does not provide for "reciprocity of disclosure on the part of the People to reveal the identity, of those witnesses which it proposes to use at the trial in rebuttal of the defendant’s alibi witnesses.
The Supreme Court of the United States in Williams v. Florida (399 U. S. 78 [1970]) held that the Florida notice of alibi rule, which provided for the defendant’s pretrial disclosure of his alibi witnesses, as well as the prosecution’s disclosure of those witnesses which it intended to offer in. rebuttal of the defendant’s alibi witnesses, was constitutional.
The Williams court stated (p. 82, n. 11) that the norm to be applied in determining whether a notice of alibi statute is constitutional is ‘ ‘ whether the defendant enjoys reciprocal discovery against the State.”
In 1973, the Supreme Court of the United States in Wardius v. Oregon (412 U. S. 470) was called upon to pass upon the constitutionality of the notice of alibi statute of the State of Oregon which made no provision for reciprocal discovery.
In its determination of the question presented, the court, in Wardius reiterated (p. 472) the rule, “ that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.”
In the process of striking down the Oregon notice of alibi statute, the court, in Wardius, expressed the philosophy of its ruling in the following language (pp. 474, 475): “ The Williams Court was therefore careful to note that ‘ Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is carefully hedged with reciprocal duties *537 requiring state disclosure to the defendant 399 U. S. at 81 (footnote omitted). The same cannot be said of Oregon law. As the State conceded at oral argument, see transcript of oral argument at 19, Oregon grants no discovery rights to criminal defendants, and, indeed, does not even provide defendants with bills of particulars. More significantly, Oregon, unlike Florida, has no provision which requires the State to reveal the names and addresses of witnesses it plans to use to refute an alibi defense.” (Emphasis added.)
The precept upon which its ruling rests lies in the apparent deficiencies in the body of the Oregon law to afford both the People and the defendant equal and reciprocal rights in the area of witness disclosure, a deficiency which existed not only in the notice of alibi statute, then being considered, but also in the general tenor of the Oregon law against such equal treatment. The court stated in this regard as follows (pp. 475, 476): “ We do not suggest that the Due Process Clause of its own force requires Oregon to adopt such provisions. Cf. United States v. Augenblick, 393 U. S. 348 (1969); Cicenia v. Lagay, 357 U. S. 504 (1958). But we do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a 1 search for truth ’ so far as defense witnesses are concerned, while maintaining ‘ poker game ’ secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.”
Measured against the constitutional demands expressed in Wardius, the court will first consider the posture and substance of the law in the State of New York, and the capabilities of its courts to not only require disclosures by the defendant, but also to compel the prosecution to disclose material elements of its case to the defendant in the interest of fairness.
Unlike the state of the law.in Oregon where there is no provision for disclosure by the People, the State of New York has, over the years, established a large body of both case and statute law in which is evinced a strong desire to make discovery a ‘ ‘ two-way street ”.
In 1927 a monumental step forward came with the recognition of an inherent ‘ ‘ supervisory jurisdiction ’ ’ in the courts of New York to grant disclosure in appropriate circumstance by Chief Judge Benjamin Cabdozo of the New York Court of Appeals in People ex rel. Lemon v. Supreme Court (245 N. Y. *538 24, 32) where he declared: “Whether apart from statute and beyond it there is a supervisory jurisdiction, as- yet unplumbed and unexhausted, in respect of criminal prosecutions, is something that can best be determined at the call of particular exigencies in the setting of the concrete instance. ’ ’ (Emphasis added.)
In the ensuing years there came down a series of ad hoc decisions of the courts of this State in which the field of discovery was extensively broadened in the area relating to compelling disclosures by the prosecution for the benefit of the criminal defendant.
In People v. Remaley (26 N Y 2d 427) the defendant was provided with a copy of his own written statement. In People v. Courtney (40 Misc 2d 541) the defendant was provided with the autopsy report; in People v. Rosario (9 N Y 2d 286) the defendant was furnished with copies of statements made by prosecution witnesses and minutes of their testimony before the Grand Jury for the purpose of cross-examination. In People v. Terzani (149 Misc. 818) the defendant was furnished with reports of his fingerprints. In People v. Perrell (47 Misc 2d 1024) the defendant was permitted to perform chemical tests of the alleged narcotic upon which the prosecution was based. In People v. Chambers (56 Misc 2d 683) the People were required to disclose the name of the undercover police agent where a defense of entrapment was interposed. An inspection of hospital records was allowed in People v. Preston (13 Misc 2d 802) writ of prohibition denied sub nom. Silver v. Sobel (7 A D 2d 728). In People v. Lynch (23 N Y 2d 262) it was held that disclosure of the names of the prosecution’s witnesses and their statements is a matter resting in the sound discretion of the court.
The Federal Rules of Criminal Procedure were amended in 1966 by the inclusion of rule 16 which represented a considerable enlargement of the magnitude of pretrial discovery. It was from this statute that article 240 of the CPL was fashioned and enacted into the law of this State and became effective in September, 1971.
The draftsman’s practice commentary under article 240 of the CPL states: “ By amendment in 1966 to the federal ‘ Rules of Criminal Procedure ’ (Rule 16), the scope of pre-trial discovery in the federal jurisdiction was materially expanded. These formulations, which are far more liberal and precise than anything to be gleaned from New York case law, seems to provide a fair implement to defendants about to go on trial without working undue hardship on the prosecution. With some structural *539 and phraseological alterations, Federal Rule 16 is, in substance, adopted in CPL Article 240.”
The enactment of article 240 of the CPL providing for discovery not only codified the large body of pre-existing case law on the subject of discovery, but established an even broader and more liberal procedural vehicle for pretrial disclosure.
At the present time the pretrial discovery procedure (art. 240) available to a criminal defendant in the State of New York, as well as the enactment of CPL 200.90 which provides for a bill of particulars, represents a “ strong showing ” of this State’s concern for a disclosure rule, “ which ” as stated by the Wardius court, “ by increasing the evidence available to both parties, enhances the fairness of the adversary system ”, and most unlike the non-existent provisions for discovery and a bill of particulars prevailing under the Oregon statutes considered in Wardius v. Oregon (p. 474, supra).
The court will now turn its attention to the first branch of the defendant’s motion in which he seeks an order, “ Declaring that Section 250.20 of the CPL is unconstitutional, as it does not provide for reciprocity of disclosure.”
Concededly, the notice of alibi statute, contained in CPL 250.20, does not on its face provide for reciprocal discovery of the prosecution’s witnesses to be called to refute the defendant’s alibi witnesses.
Does the rule of Wardius v. Oregon (supra) require that because of this omission in phraseology that CPL 250.20 be struck down as unconstitutional Í
In dealing with this question, the court will make its determination with regard to the traditional rule that a statute should not be declared unconstitutional “ unless required to do so by most cogent reasons or compelled by unanswerable grounds, and unless such conclusion is unavoidable.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150, p. 309.)
“ Such conclusion is unavoidable ” and no rehabilitation whatever is possible, for example, where a statute (Penal Law, § 240.35, subd. 6) which authorized an arrest of an individual for loitering “ under circumstances which justify suspicion that he may be engaged or about to engage in crime ’ ’ was declared unconstitutional in People v. Berck (32 N Y 2d 567, 572 [1973]), because it “plainly undercuts the constitutional requirement that arrests are lawful only upon a showing of ‘ probable cause ’ ”. (Papachristou v. City of Jacksonville, 405 U. S. 156.)
However, where, as here, the underlying purpose of a legislative enactment is not of itself inherently violative of a con *540 stitutional mandate, but is declared unconstitutional by a higher Federal court because of failure to comply with constitutional standards which are reflected only in defective or incomplete terminology in its makeup, the Court of Appeals has repeatedly held that when such deficiency exists the statute may be rehabilitated by reading into it, where possible, such meaning or additional terms, compatible with constitutional standards, as may be necessary to prevent the frustration of a legislative purpose otherwise valid.
In Matter of Bell v. Waterfront Comm. of N. Y. Harbor (20 N Y 2d 54, 62) Chief Judge Ftjld, writing for the Court of Appeals, held: “In the past, when faced with the choice of declaring a statute unconstitutional * * * or interpreting the legislation in such a way as to supply a missing constitutional safeguard, neither this court nor the Supreme Court has hesitated ‘ to embrace [the course] which will preserve [the statute’s] validity. ’ (People v. Finkelstein, 9 N Y 2d 342, 345; see People v. Epton, 19 N Y 2d 496; Dennis v. United States, 341 U. S. 494, supra.) ”
The defense of alibi is an essential and necessary part of our criminal procedure law, and the underlying purpose of the alibi statute (CPL 250.20) is to provide an orderly method of presenting this defense to prevent fraud and avoid surprise, an end which was recognized by the Supreme Court in Williams v. Florida (399 U. S. 78, 81, supra) in the following language: ‘ ‘ Given the ease with which an alibi can be fabricated, the State’s interest in protecting itself against an eleventh-hour defense is both obvious and legitimate.”
The Supreme Court in Wardius v. Oregon (412 U. S. 470, 472, supra) has now determined, “ that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.”
Unlike the paucity of law relating to the court’s power to compel disclosure to a criminal defendant prevailing in Oregon, both the case law and the discovery statutes of this State, as above demonstrated, are sufficiently broad, if applied, to insure to a criminal defendant the reciprocal right of disclosure of the People’s witnesses to be used to refute his alibi and thereby capable of supplying the deficiency and omission within the language of CPL 250.20 to provide such constitutionally mandated right.
Accordingly, in applying the traditional policy of construing statutes in such manner as to uphold their constitutionality *541 (People v. Epton, 19 N Y 2d 496, cert. den. 390 U. S. 29, rehearings den. 390 U. S. 976, 398 U. S. 944; People ex rel. Morriale v. Branham, 291 N. Y. 312, 317; Matter of Bell v. Waterfront Comm. of N. Y. Harbor, 20 N Y 2d 54; People v. Lally, 19 N Y 2d 27; People v. Bailey, 21 N Y 2d 588) it is the determination of this court that the notice of alibi statute, CPL 250.20 shall he construed in such manner that, when the defendant complies with the provisions of the same by giving notice of his alibi witnesses to the District Attorney, a concomitant obligation shall come into existence under which the District Attorney must afford the defendant the same rights by giving to him the names and addresses of those witnesses the People propose to use at the trial to refute the defendant’s alibi witnesses.
For the reasons hereinabove set forth, the defendant’s request for relief contained in paragraph enumerated “1” of the defendant’s notice of motion seeking that GPL 250.20 be declared unconstitutional, is hereby denied.
That part of defendant’s motion set forth under paragraph designated “ 3 ” of his notice of motion, seeking a reciprocal order directing the District Attorney to disclose to the defendant the names, residential addresses and places of employment of every witness who will be produced to rebut the defense of alibi, is granted to the extent that the defendant shall, within 5 days of the date of this order, serve upon the District Attorney a notice of alibi under GPL 250.20 and the District Attorney shall, within 20 days thereafter serve upon the defendant’s attorney a statement, in writing, setting forth the “ names, the residential addresses, the places of employment and the addresses thereof of every witness ” whom the People intend to produce at the trial hereof to rebut the testimony of the defendant’s alibi witnesses, the same to be served upon the defendant’s attorney not less than 10 days before the trial.
A failure to comply with such order of the court on the part of the People will result in the application of the same sanctions contained in CPL 250.20 as would be imposed upon a noncomplying defendant. (See, also, cPL 240.40.)
In the interest of codification, the court commends to the Legislature as a subject for appropriate consideration, the amendment of GPL 250.20 to reflect therein the reciprocal discovery rights mandated by the Supreme Court in Wardius v. Oregon (supra).
So ordered.