Raymond L. Wilkes, J.
This is a motion by the defendant for an order declaring CPL 250.20 unconstitutional or in the alternative providing for . reciprocal disclosure of witnesses, i.e. alibi.
The District Attorney, pursuant to CPL 250.20 (subd. 1) served upon the defendant a demand for a bill of particulars with respect to an affirmative defense that the defendant was elsewhere than at the scene of the crime. The defendant has not responded to this demand although he indicates in his moving papers his intention to assert such a defense upon the trial.
The defendant relies upon the United States Supreme Court decisions of Wardius v. Oregon (412 U. S. 470) and Williams v. Florida (399 U. S. 78) in support of his contention that any statute requiring disclosure of alibi witnesses must provide for *573 reciprocal disclosure of rebuttal witnesses or fall under the proscription of the due proces clause of the United States Constitution.
CPL 250.20 (subd. 1) provides that: “ At any time before trial, the people may serve upon the defendant or his counsel, and file a copy thereof with the court, a demand that if the defendant intends to offer a trial defense that at the time of the commission of the crime charged he was at some place or places other than the scene of the crime, and to call witnesses in support of such defense, he must, within four days of service of such demand, serve upon the people, and file a copy thereof with the court, a ‘notice of alibi,’ reciting (a) the place or places where the defendant claims to have been at the time in question, and (b) the names, residential addresses, the places of employment and the addresses thereof of every alibi witness upon whom he intends to rely.”
The United States Supreme Court in Williams v. Florida (supra) “ upheld the constitutionality of Florida’s notice-of-alibi rule which required criminal defendants intending to rely on an alibi defense to notify the prosecution of the place at which they claimed to be at the time in question, and of the names and addresses of witnesses they intended to call in support of the; alibi.” (Wardius v. Oregon, supra, p. 471). The court (p. 471) emphasized that the constitutionality of such rules “might depend on ‘ whether the defendant enjoys reciprocal discovery against the State. ’ ”
Wardius v. Oregon (supra, p. 472) states: “ the Due Process Clause of the Fourth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.” The Williams court (p. 81) was circumspect to note that ‘ ‘ Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant.” CPL 250.20 standing alone, does not provide reciprocal disclosure. However, unlike the Oregon statute which provides no discovery rights to the accused (Wardius v. Oregon, supra, p. 472), the New York Criminal -Procedure Law provides for a painstaking discovery mechanism pursuant to CPL article 240.
The District Attorney suggests to the court that the over-all practice of discovery now extant in the State of New York by virtue of statute and case law may be sufficient to satisfy the . requirements of the due process provisions of the United States Constitution. More specifically, it is urged by the People that *574 a merger of the discovery provisions of CPL article 240 with CPL 250.20 can achieve a constitutionally acceptable result. It is, of course, elementary to the point of being virtually axiomatic that a strong presumption of constitutionality attaches to any statute duly enacted by the Legislature. (People v. Pagnotta, 25 N Y 2d 333, 337.)
“ It is a general rule of construction that omissions in a statute, cannot be supplied by construction; omissions are to be remedied by the Legislature, and not by the courts. Thus, a court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact. More particularly, a court cannot,, by implication, read or supply in a statute a provision which it is reasonable to suppose the Legislature, intentionally omitted.
‘ ‘ Where, however, the legislative intent is clear, an omission in an act may sometimes be considered an inadvertence and supplied by the courts, and words obviously omitted by mistake may be supplied to prevent inconsistency, unreasonableness and unconstitutionality in a statute.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 363.)
The court notes, favorably, prior instances where discretionary judicial interpolation has upon occasion preserved the constitutionality of a statute under attack. For example: (1) •The New York Court of Appeals in People v. Bailey (21 N Y 2d 588) read into the former section 2189-a of the Penal Law a provision for a hearing on the one-day-to-life psychiatric sentence inspired by the United States Supreme Court decision in Specht v. Patterson (386 U. S. 605) and thus the constitutionality of the statute then at issue survived; (2) The New* York Court of Appeals in People v. Fuller (24 N Y 2d 292) preserved former subdivision 2 of section 208 of the Mental Hygiene Law by reading into a statute a provision for a hearing before a jury if desired by a defendant, thus avoiding a violation of the Constitution; and (3) The New York Court of Appeals in Matter of Lee v. County Ct. of Erie County (27 N Y 2d 432) pursued a comparable course with respect to pretrial psychiatric examinations where an insanity defense had been interposed by creating a procedure consistent with the defendant’s constitutional right against self incrimination.
In addition, this court must of necessity weigh the practical aspects of the viable alternatives. What emerges is that the establishment of a procedural formula for reciprocity prejudices *575 no one — is satisfactory to the defendant — and causes no unnecessary or undue hardship or delay in the proceedings. Furthermore, the voiding of the existing provision with no pragmatic substitute offers nonsubstantive advantage to the defendant. Indeed, it may wellleave the assertion of the alibi defense as an open question until completion of the People’s direct case to be followed by the calling of an alibi witness. Delay would then ensue in order to provide the prosecution with time in which to inquire into the alibi defense at so late a stage of the proceedings so as to cause material disruption in the expeditious administration of justice.
CPL 250.20 and CPL 240.20 are in pari materia, since both deal with pretrial discovery in criminal cases and consequently should of necessity be read and construed together. (See Matter of Guardian Life Ins. Co. of Amer. v. Chapman, 302 N. Y. 226.)
Although CPL art. 240 does not afford a ‘ ‘ most liberal and broad discovery of various items and categories of evidence ” as the People contend, it does adopt a “middle-of-the-road approach, half way between the extreme liberal position which advocates almost unlimited discovery and the extreme prosecution approach which would permit virtually none.” (Commission Staff Comment to art. 240 in N. Y. Legis. Annual, 1970, p. 43). In the considered view of this court, CPL art. 240, within its existing framework, authorizes the court in its discretion to provide reciprocal disclosure as required by the United States Supreme Court. (See CPL 240.20, subds. 2, 3 and 4.)
It might appear that discretionary authority is not enough. “It is, of course, true that the Oregon courts are the final arbiters of the State’s own law, and we cannot predict what the state court might have done had it been faced with a defendant who had been given the required notice of alibi and then sought reciprocal discovery rights. But it is this very lack of predictability which ultimately defeats the State’s argument.” (Wardius v. Oregon, supra, p. 477). However, it must be borne in mind that Oregon had no form of discovery and therefore reciprocal disclosure would indeed have been a very large step to take. New York, however, does have the requisite framéwork of discovery, requiring only the view that discretionary acts under certain circumstances become virtually mandatory. When a reasoned path leads remorselessly to an affirmance of constitutionality, the obligation of the court is as clear as it is unmistakable.
*576 The court therefore directs as follows:
1. Within five days of the entry of this order, the defendant will comply with the alibi demand heretofore served by the District Attorney;
2. TJpon receipt of the appropriate response from the defendant as directed by GPL 250.20, subd. 1, the District Attorney will file with the court and serve upon the defendant a com-, parable response with regard to any rebuttal witnesses within 20 days of receipt of the defendant’s “ Notice of Alibi ”, but in no event later than 10 days prior to trial.
In order to obviate the possibility of later misunderstanding, .this court takes note of the recent decision of its learned col'league, the Hon. John S. Lockman of the County Court of Nassau County, in People v. Baylis (75 Misc 2d 397, 399) which holds inter alia that‘ ‘ evidence which places a defendant at the scene of the crime is and must be offered as part of the People’s direct case and cannot be presented in rebuttal of an alibi defense; (People v. Richardson, 25 A D 2d 221.) i.e., that rebuttal witnesses are those whose sole purpose is to challenge the affirmative facts of an alibi defense.