John 8. Lockman, J.
Defendant, through his attorney, moves to dismiss the indictment pursuant to CPL 210.20 because he was *539 forced to comply with the provisions of CPL 250.20 which, he contends, has been declared unconstitutional by People v. Bush (33 N Y 2d 921).
On October 10, 1973, in People v. Carl J., Judge Raymond Wilkes, Nassau County Court, the defendant was directed as follows:
‘11. Within five days of the entry of this order, the defendant will comply with the alibi demand heretofore served by the District Attorney;
“ 2. Upon receipt of the appropriate response from the defendant as directed by CPL § 250.20 [1], the District Attorney will file with the Court and serve upon the defendant a comparable response with regard to any rebuttal witnesses within twenty days of receipt of the defendant’s ‘ Notice of Alibi ’, but in no event later than ten days prior to trial.”
CPL 250.20 provides:
“ 1. At any time before trial, the people may serve upon the defendant or his counsel,'and file a copy thereof with the court, a demand that if the defendant intends to offer a trial defense that at the time of the commission of the crime charged he was at some place or places other than the scene of the crime, and to call witnesses in support of such defense, he must, within four days of service of such demand, serve upon the people, and file a copy thereof with the court, a ‘ notice of alibi, ’ reciting (a) the place or places where the defendant claims to have been at the time in question, and (b) the names, the residential addresses, the places of employment and the addresses thereof of every such alibi witness upon whom he intends to rely.
“ 2. If at the trial the defendant calls such an alibi witness without having served the demanded notice of alibi, or if having served such a notice he calls a witness not specified therein, the court may exclude any testimony of such witness relating to the alibi defense. The court may in its discretion receive such testimony, but .before doing so, it must, upon application of the people, grant an adjournment not in excess of three days.”
In compliance with the order, the defendant, on October 17, 1973, served the District Attorney with a notice of alibi, setting forth the names and addresses of certain alibi witnesses.
.Subsequent to this compliance, the Court of Appeals decided People v. Bush (supra) which declared section 295-1 of the Code of Criminal Procedure unconstitutional under Wardius v. Oregon (412 U. S. 470) and stated that Wardius and Bush are to apply to cases where trial has commenced after Juñe 11, 1973, the decisional date of Wardius.
*540 In light of Wardius and Bush, the defendant asserts that because CPL 250.20 is in all material respects similar to section 295-1 of the Code of Criminal Procedure, it must also be unconstitutional, thus rendering it1 ‘ fruitless to proceed to trial since any judgment of conviction would be overturned on appeal.”
The issue is whether Bush mandates a dismissal of the indictment.
Wardius v. Oregon (supra) held that the due process clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery is given to criminal defendants, the court noting (p. 479) “ in the absence of fair notice that he would have an opportunity to discover the 'State’s rebuttal witnesses, petitioner cannot be compelled to reveal his alibi defense.”
The court, however, did not dismiss the case, but reversed the conviction, and remanded for further proceedings consistent with its opinion.
An application for dismissal of the indictment, based upon Wardius, ¡was made to this court in People v. Baylis (75 Misc 2d 397) wherein the defendant alleged compliance of the notice of alibi statute (¡CPL 250.20) to his detriment. We denied the application on the grounds that compliance with the statute was made prior to Wardius, which was not retroactive.
In People v. Carter (76 Misc 2d 543), this court was directly confronted .with the issue of the constitutionality of CPL 250.20. The defendant, citing Wardius, refused to serve upon the People a notice of alibi and requested permission to offer an alibi defense at trial despite such failure of notice. We refused to declare the statute unconstitutional and ordered the People to provide reciprocal discovery of their alibi rebuttal.witnesses.
A similar result was. reached in People v. Collins (75 Misc 2d 535, 541) which upheld the constitutionality of CPL 250.20 and declared that ‘ ‘ the notice of alibi statute * * * shall be construed in such manner that, when the defendant complies with the provisions of the same by giving notice of his alibi witnesses to the District Attorney, a concomitant obligation shall come into existence under which the District Attorney must afford the defendant the same rights by giving to him the names and addresses of those witnesses the People propose to use at the trial to refute the defendant’s alibi witnesses.”
In People v. Carl J. (supra), the decision precipitating this motion, Judge Wilkes found CPL 250.20 to be constitutional by judicial construction, holding that CPL 250.20 and 240.20 are in pari materia, that as such they should be read and con *541 strued together, and that article 240 of the CPL authorized the court in its discretion to provide reciprocal disclosure.
It should be noted that all of the foregoing cases were decided prior to People v. Bush (supra). The court in Bush held that section 295-1 of the Code of Criminal Procedure, the precursor of CPL 250.20, was unconstitutional. In doing so, the court applied its ruling to all cases where the trial commenced subsequent to June 11,1973, the date that the Supreme Court handed down its decision in Wardius.
Section 295-1 of the Code of Criminal Procedure provided: ‘ ‘ In all cases where a defendant has been indicted by a grand jury, the prosecuting officer may, not less than eight days before the case is moved for trial, serve upon such defendant or his counsel and file a demand which shall require that if such defendant intend to offer, for any purpose whatever, testimony which may tend to establish his presence elsewhere than at the scene of the crime at the time of its commission, he must within four days thereafter serve upon such prosecuting officer and file a bill of particulars which shall set forth in detail the place or places where the defendant claims to have been, together with the, names, post-office addresses, residences, and places of employment of the witnesses upon whom he intends to rely to establish his presence elsewhere than at the scene of the crime at the time of its commission. Unless the defendant shall pursuant to such demand, serve and file such bill of particulars, the court, in the event that such testimony is sought to be interposed by the defendant upon the trial for any purpose whatever, or in the event that a witness not mentioned in such bill of particulars is called by the defendant to give such testimony, may exclude such testimony, or the testimony of such witness. In the event that the court shall allow such testimony, or the testimony of such witness, it must, upon motion of the prosecuting officer, grant an adjournment not to exceed three days.”
Although holding section 295-1 of the Code of Criminal Procedure to be unconstitutional, the court in Bush (33 N Y 2d 921, 923, supra) observed that “ The statute operated only to deny defendant advance notice of the identity of these rebuttal witnesses, and to this extent to hinder his preparation to impeach, discredit or re-but their testimony. He was not, however, inhibited in his own opportunity by direct evidence to establish his alibi. The infringement of defendant’s rights went only to a collateral though not unimportant issue. Thus, we conclude that on this record the operation of the rule did not go to ‘ the very integrity of the fact-finding process ’; rather it *542 touched on procedural .fairness to defendant.” (Emphasis added.)
An analysis of this statute and CPL 250.20 reveals a substantial similarity, the only significant difference being that the CPL has provision for discovery under a separate article 240. Indeed, it was this very distinction that motivated Judge Wilkes in People v. Carl J. (supra) to uphold the constitutionality of CPL 250:20 by stating, “New York, however, does have the requisite framework of discovery, requiring only the view that discretionary acts under certain circumstances become virtually mandatory. When a reasoned path leads remorsely to an affirmance of constitutionality, the obligation of the court is as clear as it is unmistakable.”
The thrust of the defendant’s arguments is that the indictment must be dismissed because of the Bush decision. We do not agree.
The dismissal of an indictment must be the distillation of discretion and extreme deliberation. “The honest labors of a grand jury and district attorney, both of whose efforts are within the prescriptions of a solemnly sworn duty, should not be set aside lightly.” (People v. Williams, 140 Misc. 35, 36; People v. Schmetterer, 50 N. Y. S. 2d 297.)
Because section 295-1 of the Code of Criminal Procedure is unconstitutional, it does not necessarily mean that CPL 250.20 is also unconstitutional, especially when, as here, the rationale of Wardius and Bush is overcome by an order of reciprocal discovery. Until appellate courts rule, we will continue to treat the statute as constitutional. (People v. Guthman, 75 Misc 2d 572; People v. Collins, 75 Misc 2d 535, supra; People v. Carter, 76 Misc 2d 543, supra; People v. Baylis, 75 Misc 2d 397, supra; People v. Elliot, 74 Misc 2d 974; cf., People v. Haynesworth, 75 Misc 2d 75.)
Accordingly, the defendant’s motion is denied.