Nicholas Coffinas, J.
In this motion the defendant petitions this court to set aside a notice of alibi served upon him by the People under |CPL 250.20, and requests that he be permitted to present alibi testimony at the trial notwithstanding his failure to provide the prosecution with the names of prospective alibi witnesses. The ground — alleged unconstitutionality of CPL 250.20 by reason of lack of reciprocity — is disputed by the District Attorney, who contends that if there is a defect in the statute, the court has the means of correcting it by reading the requirement of reciprocity into this section. The issue appears to be one of1 first impression. No published decision has been found on the constitutional question .(as it applies to CPL 250.20) since the Court of Appeals’ determination, last December 28, 1973, in the case of People v. Bush (33 N Y 2d 921).
The Bush case, to be sure, applied to the predecessor statute, section 295-1 of the Code of Criminal Procedure. The defendant contends that the similarities between 295-1 and CPL 250.20 lead inescapably to the same result. The court’s language there was clear and unmistakable (33 N Y 2d 921, 923): “We find no significant difference between section 295-1 of the Code of Criminal Procedure, applicable here, and the notice-of-alibi statute of the State of Oregon held unconstitutional by the United States Supreme Court in Wardius v. Oregon (412 U. S. 470). Accordingly we hold section 295-1 unconstitutional.”
The Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi witness rules unless reciprocal discovery rights are given to criminal defendants. The balance of forces between the accused and the accuser must be scrutinized under the Due Process ¡Clause and discovery must be a “two-way street.”
The State may not insist that trials be run as a “ search for truth” so far as defense witnesses are concerned, while maintaining “ poker game ” secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him tó the *738 hazards of surprise concerning refutation of the very pieces of evidence .which he disclosed to the State (Wardius v. Oregon, 412 U. S. 470). If there is an imbalance in discovery rights, it should work in the defendant’s favor because of the State’s inherent information-gathering advantages. Accordingly, any alibi statute which has no provision requiring the State to reveal the names and addresses of witnesses it plans to use to refute an alibi defense is unconstitutional. In Williams v. Florida (399 U S. 78), the United States Supreme Court ruled that a Florida alibi notice statute which permitted reciprocal discovery was not violative of the Fifth and Fourteenth Amendments. But in Wardius (supra), the court reversed a conviction under the Oregon alibi statute .because it did not provide for reciprocal discovery. It rejected the argument of the State that if the defendant complied with the alibi statute as it stood, without reciprocity, the .State courts might then have interpreted the statute in such a way as to render it constitutional. The court recognized that such an argument would place the defendant in an untenable position, forcing him to rely on the “ totally unsubstaniated possibility that the statute might be read in a manner contrary to its plain language.” (Wardius v. Oregon, 412 U. S. 470, 479, supra.) Furthermore, once alibi information was supplied, there would be no way to retract it or nullify its effect.
Before Bush (33 N Y 2d 921, supra), some New York courts tried to meet the challenge of unconstitutionality by reading the reciprocity requirement into GPL 250.20. In People v. Elliot (75 Misc 2d 754, 755), Mr. Justice Titone, in Kings County Supreme Court, required that the defendant loe furnished by the District Attorney with the names and addresses of all contra-alibi witnesses. ‘6 This court ’ ’ he said, ‘ ‘ is 'of the opinion that the statutory scheme of requiring a defendant to furnish the People with a list of alibi .witnesses prior to trial, is not invalid per se, but merely inadequate because it does not afford a defendant reciprocal discovery rights when he intends to interpose an alibi defense. In permitting the People to furnish a list of contra alibi witnesses prior to trial, this court believes, that in accordance with the decision in Wardius v. Oregon (supra), it has provided the requisite procedural mechanism to accomplish the goal of reciprocal discovery in alibi cases.”
In People v. Collins (75 Misc 2d 535 [County Ct., Special Term, Nassau County]) the motion of defendant to have CPL 250.20 declared unconstitutional on the ground that it does not provide for reciprocity of disclosure was denied by the court.
*739 Wardius v. Oregon (412 U. S. 470) was interpreted as not being applicable, in that Oregon law in general was deficient in affording both the People and the defendant equal and reciprocal rights in the area of witness disclosure; the tenor of the Oregon law being against such legal treatment. Said the court (p. 537): “ The State of New 'York has, over the years, established a large body of both case and statute law in which is evinced a strong desire to make discovery a ‘two-way street’.” The court then went on to point out a number of cases that established a defendant’s pretrial discovery right: People v. Courtney (40 Misc 2d 541) giving the defendant an autopsy report; People v. Preston (13 Misc 2d 802) permitting inspection of hospital records; People v. Chambers (56 Misc 2d 683) requiring disclosure of an undercover police officer; People s. Rosario (9 N Y 2d 286) furnishing the defendant with the grand jury testimony of .witnesses called by the prosecutor; People v. Lynch (23 N Y 2d 262) permitting disclosure of the names of prosecution witnesses; People v. Remaley (26 N Y 2d 427) providing a defendant .with a copy of his own written statement. The court also took note of the discovery article of the CPL, article 240, which ‘ ‘ not only codified the large body of pre-existing case law on the subject of discovery, but established an even broader and more liberal procedural vehicle for pretrial discovery.” (p. 539.) The court concluded (p. 539) that this all “represents a ‘ strong showing ’ of this State’s concern for a disclosure rule.” Similar expressions are found in People v. Guthman (75 Misc 2d 572) and People v. Carter (76 Misc 2d 543). But again it must be noted that these cases were all decided before the Court of Appeals decision in People v. Bush (supra). We are faced with an absolute rule in the Bush case, where the highest court of our State refrains from suggesting that the alibi rule may be adapted by case law to meet the constitutional standards, but simply declares it unconstitutional. Professor (now Judge) Denzer, in McKinney’s annotations under the current section — at issue here —states (McKinney’s Cons. Laws of N. Y., Book 11A, CPL, p. 478): “ This section substantially restates Criminal Code § 295-1. The only noteworthy difference is that whereas the Code section required service by the People of the alibi notice ‘ not less than eight days before the case is moved for trial ’ (§ 295-1), the CPL section permits such service ‘ at any time before trial ’ (subd. 1).”
Obviously, the rule that applied to section 295-1 of the Code of Criminal Procedure must apply to CPL 250.20. Therefore, this court holds that CPL 250.20 is unconstitutional.
*740 The notice of alibi served upon the defendant by the prosecutor upon his arraignment is therefore now set aside. The defendant will, accordingly, be permitted to offer an alibi defense at the trial despite his failure to serve the notice called for by CPL 250.20.