Joseph D. Quinn, Jr., J.
In this criminal action, defendant G-oree, has been indicted on two counts of robbery in the first degree, in violation of subdivision 3 of section 160.15 of the Penal Law, two counts of robbery in the second degree, in violation of subdivision 1 of section 160.10 of the Penal Law, two counts of grand larceny in the third degree, in violation of subdivision 5 of section 155.30, and one count of possession of a weapon, dangerous instrument and appliance, as a misdemeanor, in violation of subdivision 9- of section 265.05 of the Penal Law.
This defendant has made an application for leave to serve a notice of alibi upon the prosecutor more than six months after being served with an alibi demand by that official. Attached to the moving papers is a copy of a proposed notice of alibi which *70 (1) designates the place, other than the locus delicti, where defendant claims to have been at the time of the commission of the crimes charged, and (2) the names and residential addresses of his six alibi witnesses. In place of furnishing employment address information regarding these six individuals whom he intends to call, defendant indicates in his proposed notice that three are unemployed, one is a student and one self-employed.
In the affirmation submitted in support of the application, defense counsel states that he received the District Attorney’s alibi demand ‘ ‘ on or about January 15,1974. ’ ’ Counsel proffers no excuse for his failure to respond earlier to the demand, but merely claims that it is ‘ ‘ crucial to the defense ’ ’ of his client that his alibi witnesses be allowed to testify, and asserts that the People will not be prejudiced if the requested relief is granted.
The court notes that the application was made on insufficient notice (four days). The People waived this irregularity by requesting an adjournment of two and one-half weeks and by opposing on the merits. At the behest of defense counsel, this matter was adjourned beyond the date requested by the prosecutor and until August 21, 1974.
In an answering affidavit sworn to on July 24, 1974 the prosecutor concedes that the alibi demand here was served 1 ‘ on approximately January 15,1974 ”, He contends that “ [defendant ls instant request is strictly governed by Section 250.20 of the GPL (recently amended and effective on May 23,1974, copy enclosed).” (Emphasis added.) He argues that CPL 250.20 states in pertinent part that “ he [the defendant] must, within four days of service of such demand, serve upon the people, and file a copy thereof with the court, a ‘ notice of alibi ’ ”.
The District Attorney goes on to say that “ [defendant has failed to comply with this statute, or its successor, which requires service of a notice of alibi within eight days of .its receipt [sic] ” and that “ [t]here has been an approximate six month time lapse since the People’s demand.” He observes that “ [t]his case has been marked ‘ ready for trial’, and in fact the trial was to commence this week.” He contends that “ [compliance with this demand on the eve of trial clearly works to prejudice the People in that the District Attorney has already prepared his case. The action presently taken by defense counsel has effectively thwarted the legislative intent of the statute in question and thus should not be condoned by this court.”
*71 Finally, the District Attorney notes that GPL 250.20 vests the court with discretionary power to relieve a defendant who has failed to comply strictly with the requirements of the section. He urges, however, that, in the instant case, defendant has failed to demonstrate such ‘ ‘ good cause ’ ’ as would warrant a favorable exercise of such discretionary power.
The points which the District Attorney makes would be well taken were it not for the fact that, on January 15,1974 when the alibi demand here was served upon defendant’s attorney, the section under which it was served was, like its predecessor, section 295-1 of the former Gode of Criminal Procedure, unconstitutional because it lacked a reciprocal provision allowing a defendant to discover the identity of the People’s alibi rebuttal witnesses. (Wardius v. Oregon, 412 U. S. 470, 479; People v. Bush, 33 N Y 2d 921; People v. Gaines, 77 Misc 2d 736, 739.)
This demolishes the prosecutor’s arguments, since the alibi demand so .served was a nullity, and defendant was under no obligation to pay any heed to it.
To be sure, the Legislature cured the infirmity in former GPL 250.20 in May of this year by inserting in it a reciprocal discovery right for criminal defendants. (Cf. L. 1974, ch. 420, eff. May 23, 1974.) This amendment brought the section in line with the rule enunciated in Wardius (supra) Bush (supra) and in Williams v. Florida (399 U. S. 78, 80-82). But, the amendment has no such retrospective application as would revitalize a demand made prior to the date upon which it became effective.
Nor is that demand saved by virtue of the fact that it contained an offer to disclose the names and addresses of the People’s alibi rebuttal witnesses. To allow such a result would be to subscribe to the proposition, advocated by some New York Judges, that a constitutional challenge to former GPL 250.20 could be turned aside by reading a requirement for reciprocal discovery into it. This court is of the opinion that the plain language of the former section did not lend itself to such a construction. Consequently, we cannot agree with or follow the holdings in such cases as People v. Collins (75 Misc 2d 535) and People v. Guthman (75 Misc 2d 572).
But our view in that regard does not mean that the parties to this action must be consigned to limbo and left without a remedy.
The amended section requires that the People serve an alibi demand within 20 days from arraignment if they wish to take advantage of that statute.
*72 Under the unusual circumstances which obtain here, the court exercises its inherent authority to .supervise disclosure and discovery by extending the People’s time to serve a new alibi demand until five days after the District Attorney is served with a copy of this decision and order with notice of entry thereof.
Defendant’s attorneys shall respond to that demand by (1) serving a copy of the notice described in the amended CPU 250.20 (subd. 2) upon the People within five days after receipt of the demand, and (2) filing a copy of the notice with the court in the same time period.
Not later than five days after receiving defendant’s witness list, the People shall serve and file their list of alibi rebuttal witnesses.
Failure on the part of either of the parties to comply with the provisions of this order will call into play the sanctions imposed under CPU 250.20 (subds. 5, 4) as amended.