Leon B. Polsky, J.
This 18-year-old defendant has been indicted for a class A felony arising out of an alleged .sale of cocaine, and other related' offenses, occurring when he was age 17. Under the explicit terms of CPL 720.10 (subd. .2, par. [a]), he is not eligible for youthful offender treatment upon conviction because one of the counts of the indictment charges a class A felony. However, in People v. Brian R. (78 Misc 2d. 616), I held this restriction to be unconstitutional and granted youthful offender treatment to an otherwise eligible youth who had pleaded guilty to an indictment charging, among other counts, a class A felony. The People, being alerted to and anticipating this court’s ruling that this defendant, upon a plea of guilty to the indictment, will be eligible for similar treatment, have filed a most able and' thorough memorandum contesting the defendant’s standing to challenge the constitutionality of CPL 720.10 (subd. 2, par. [a]).
In Brian R., it was held that the Legislature could not, consistent with the due process clauses in the State and Federal Constitutions, predicate statutory punishment or amelioration of punishment upon the charges contained in the indictment; that punishment and its amelioration must be based upon the offense for which a defendant is convicted.
The court also held that- the restriction on youthful offender availability violated the equal protection clause because it irrationally discriminated between youths convicted of less than A felony offenses by denying youthful offender treatment to the youth initially charged with an A felony and convicted of a lesser offense but granting such treatment to another youth initially charged and then convicted of the identical less-fhan-A-felony offense.
The People’s claim of lack of standing rests upon the contention that it is only the defendant convicted of less than a class A felony who has cause to complain of the alleged unconstitutionality of the .statute. It is asserted that the defendant must go to trial and if convicted of a less than an A felony, he may then challenge the statute.[1]
*1060 This ¡argument addresses itself only to the equal protection ground for invalidity and, even assuming the correctness of the People’s position, leaves unaffected the defendant’s standing to assert invalidity under the due process clause. If, as was held in Brian R., the Legislature lacks the power to impose punishment or withhold its amelioration because ¡of the offense charged, then this ¡defendant is clearly aggrieved by the application to him of the .restriction on youthful offender availability.
The People’s argument that a defendant pleading to, or convicted of, a class A felony lacks ¡standing to challenge its validity is a question-begging contention. In substance it assumes that the State has enacted a law denying youthful offender treatment to persons convicted of class A felonies.[2] For the People to prevail on the claim of lack of standing, ¡the statute would have to be rewritten to substitute the word ‘ ‘ convicted ’ ’ in place of “ indicted ” in CPL ¡720.10 (subd. 2, par. .[a]). Such an interpretation of the statute has not been urged by the People either here or in Brian R. It is ¡clear that the Legislature has passed no such law and it is not for the courts, in the guise ¡of interpretation, to rewrite a deliberately enacted law to make it comport with one which could have been written — but was not. (Cf. People v. Bush, 33 N Y 2d 921 with People v. Elliot, 75 Misc 2d 754; People v. Collins, 75 Misc 2d 535; .and People v. Guthman, 75 Misc 2d 572.)

. The defendant is barred from pleading guilty to less than a class A-III felony. (CPL 220.30, subd. 3, par. [b], cl. [i].)

. Indeed in the one paragraph of its memorandum addressed to the due process clause, the People state: “Also, the Youthful Offender statute clearly does not violate due process as applied to this defendant if he pleads guilty to the indictment. Certainly, it is constitutionally permissible, to give a conviction for a class A felony its due significance in a sentencing scheme.” (Emnhasis added.)